**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RONISHA THOMPSON, et al,          )
        **Plaintiffs,**          )          **Civil Action No. 14-213E**
                         )
        **v.**          )          **District Judge Rothstein**
                         )
**JANE/JOHN DOE CHIEF MEDICAL**          )
**OFFICER OF PRISON HOSPITAL, et al,)**          **Magistrate Judge Baxter**
        **Defendants.**          )


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I.    RECOMMENDATION

It is hereby recommended that the instant action be dismissed due to Plaintiff's failure to prosecute.  The Clerk of Courts should be directed to close this case.


## II.    REPORT

This civil rights action was filed in this Court on August 14, 2014. Plaintiff sought leave to proceed in forma pauperis which was granted. In her *pro se* complaint, Plaintiff names six John/Jane Doe prison officials as Defendants[1]. Plaintiff claims that these Defendants are liable for the death of her father, an inmate at SCI Albion.

By Order dated January 23, 2015, this Court directed Plaintiff to show cause for her failure to accomplish service on Defendants. ECF No. 4. The Order warned that Plaintiff must show cause before February 13, 2015, or risk dismissal of this case for failure to prosecute.

---

[1] Plaintiff identifies these individuals as: 1) Head of Pennsylvania Department of Corrections; 2) Warden of SCI Albion; 3) Medical Director of the Department of Corrections; 4) Chief Medical Official of SCI Albion; 5) doctor of the prison hospital at SCI Albion "responsible for the medical assistance of all the inmates in that prison"; and 6) nurse of the prison hospital "responsible for the medical assistance of all the inmates in that prison."

By Text Order dated February 12, 2015, this Court extended the deadline to February 26, 2015, for Plaintiff to show cause for her failure to serve Defendants. As of today's date, Plaintiff has failed to respond.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). See also Emerson v. Thiel College, 296 F.3d 184 (3d Cir. 2002). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. This case is several months old, yet Plaintiff has not taken the initial steps to prosecute this case. The docket does not reflect any attempt by Plaintiff to serve Defendants, nor has Plaintiff requested service by U.S. Marshal. More importantly, however, Plaintiff has not responded to this Court's directive to show cause, despite being given additional time in which to do so. Plaintiff's failure to comply cannot be blamed on counsel. Emerson, 296 F.3d at 190. The last time Plaintiff filed anything in this Court was September 8, 2014. Without Plaintiff's participation, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of her claims. Alternative sanctions, such as

monetary penalties, are inappropriate with indigent parties. Id. at 191. It is not clear whether Plaintiff's conduct is willful or in bad faith, so this factor is neutral. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are difficult to determine at this early stage of the proceedings.[2]

Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.


III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant action be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).




/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge


Dated:  March 3, 2015




_____

[2] This Court notes that this action may be time barred as it appears that the complaint was filed beyond the two year statute of limitations. Additionally, as pled the complaint fails to allege facts showing the direct personal involvement of any individual Defendant in decedent's medical treatment. Either of these defenses could result in the dismissal of this action.